43 F.3d 1479
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
LaWanda A. JOHNSON, Plaintiff-Appellant,
v.
UNITED TEACHERS LOS ANGELES; United Teachers Los Angeles
Election Committee; Leo Bayer; Leo Cotter,
Defendants-Appellees.
 No. 94-55138.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 14, 1994.
 
 Before: D.W. NELSON, HALL and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 LaWanda A. Johnson appeals pro se the district court's summary judgment for defendants in her 42 U.S.C. Sec. 1981 action alleging race discrimination. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Tipton v. University of Haw., 15 F.3d 922, 925 (9th Cir.1994), and affirm.
 
 
 3
 Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court applied the correct substantive law. Tzung v. State Farm Fire and Cas. Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 4
 Johnson is an African-American teacher for the Los Angeles Unified School District and a member of the union United Teachers Los Angeles ("UTLA"). In a union election, Johnson was defeated for the position of UTLA Elementary Vice President by Nina Greenberg, a Caucasian woman who had held the post for three consecutive previous terms. Johnson challenged Greenberg's eligibility for a fourth term because the UTLA constitution provides that officers who are on "part-time or full-time release" status may not serve more than three consecutive terms in office. Johnson asserted that Greenberg's use of 32 days of release time during her first term in office was release status within the meaning contemplated by the eligibility provision of the UTLA constitution.
 
 
 5
 In response, UTLA stated that release time has two meanings. In the first type of release time, the school district has the option of allowing any UTLA member release from teaching duties in order to attend union activities. The second type of release time requires the school district to release UTLA officers from teaching duties. UTLA determined that its constitutional provision limiting re-election of release time officers applies only to the second type, mandatory release time. UTLA further concluded that during her first term in office, Greenberg used only the first type, optional release time. Therefore, UTLA decided that Greenberg's re-election for a fourth term was proper.
 
 
 6
 Johnson appealed UTLA's interpretation to an arbitrator, which affirmed the union. Johnson then filed this complaint with the district court alleging that UTLA's rejection of her challenge to Greenberg's election was based on racial discrimination. The district court concluded that the union's interpretation of its constitution was reasonable, and that Johnson made no showing of racial discrimination. We agree.
 
 
 7
 We examine a union's interpretation of its own constitution with deference because "[t]here is a well-established federal policy of avoiding unnecessary interference in the internal affairs of unions." Local 1052 v. Los Angeles County Dist. Council of Carpenters, 944 F.2d 610, 613 (9th Cir.1991) (quotation omitted). "[A]n interpretation of a union constitution by union officials should not be disturbed by a reviewing court absent bad faith or special circumstances." Id. at 614.
 
 
 8
 Johnson contends that UTLA's interpretation of release time is contrary to its constitution and therefore taken in bad faith. Johnson presents no material evidence, however, supporting her allegation of bad faith by UTLA. Our examination of the record indicates that UTLA's explanation of the two types of release time is reasonable and matches the facts. There is no evidence that UTLA's interpretation or its recognition of Greenberg's re-election was taken in bad faith. See id. (union officials act in bad faith if actions are unconscionable, outrageous or contrary to the union's best interests).
 
 
 9
 Johnson asserts that she has shown fraud and bad faith because UTLA violated its contract with its members in order to discriminate against her because of her race. This contention lacks merit.
 
 
 10
 Racially based failure to enforce a contract is actionable under 42 U.S.C. Sec. 1981, which provides that "all persons ... shall have the same right ... to make and enforce contracts ... as is enjoyed by white citizens...." 42 U.S.C. Sec. 1981. In a section 1981 action, the plaintiff must show intentional discrimination on account of race. Evans v. McKay, 869 F.2d 1341, 1344 (9th Cir.1989). Here, however, Johnson presents no evidence that UTLA's interpretation of release time or its recognition of Greenberg's re-election was racially motivated. Johnson's allegations and her conclusory statements are insufficient to meet the racial animus requirement of section 1981. See id. at 1345 & n. 3.
 
 
 11
 Finally, Johnson contends that the district court erred by ignoring her evidence and considering inadmissible evidence by UTLA. This contention lacks merit.
 
 
 12
 Summary judgment for the moving party is proper when there is "an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Here, Johnson presented no evidence of race discrimination or unreasonableness by the union. Her disputed facts are immaterial, and are not sufficient to avoid summary judgment. Id. at 323 ("a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial").
 
 
 13
 Accordingly, the district court properly granted summary judgment for the defendants.[1]
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied. Appellant's request for judicial notice is also denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 UTLA requests sanctions against Johnson for bringing a frivolous appeal. Although we have the discretion to impose sanctions against litigants, even pro se, for bringing a frivolous appeal, Fed.R.App.P. 38; 28 U.S.C. Sec. 1912; Wilcox v. Commissioner, 848 F.2d 1007, 1008-09 (9th Cir.1988), we decline to do so in this instance